## MILLER & THOMPSON v. McCALLEN ET AL.

1. **Surety on Note**: DISCHARGE OF BY EXTENSION OF TIME. Where the holder of a note given for borrowed money agreed with the principal debtor to take a new note for the debt, to be signed by himself and the surety on the first note, and the new note was made and signed by the principal, and given to the creditor, together with the discount thereon, but the transaction was never consummated, because the surety never signed the new note, and the discount paid thereon was applied as a payment on the old one, *held* that there was no such agreement for an extension of time on the old note as would discharge the surety thereon.

2. **Evidence**: LEGAL CONCLUSION IS NOT. The legal conclusion of a witness is not evidence which a party has the right to have submitted to a jury.

*Appeal from Lyon District Court.*

SATURDAY, OCTOBER 23.

ACTION upon a promissory note. There was a trial before a jury, and verdict and judgment were rendered for the plaintiffs. The defendant Wagner appeals.

*Van Wagenen & McMillen,* for appellant.

*E. Y. Greenleaf,* for appellees.

ADAMS, CH. J.—The defendant Wagner averred that he signed the note as surety for the defendant McCallen, and 1. SURETY that the plaintiffs extended the time of payment on note : dis- charge of by of the note without his consent, and by reason extension of time. thereof he became released. The court instructed the jury that there was no evidence showing an extension. The facts appear to be that the plaintiffs are proprietors of the Lyon County Bank; that McCallen borrowed money at the bank, and gave the note in question, with Wagner as surety; that some time after the note fell due he went into the bank and paid the accrued interest on the note, and also signed another note, which it was expected Wagner would sign, as a renewal note, and at the same time he paid a certain amount as discount on the renewal note, but the old note was not surrendered, and was not to be surrendered unless Wagner signed the renewal note, which he never did. The plaintiff Miller testified that there was no agreement or conversation in regard to the extension of the note in suit, and we have to say that we see nothing whatever tending to contradict his testimony upon this point. What was done, indeed, was inconsistent with the idea of the extension of the note. What was done was for the purpose of a renewal, which would have been entirely unnecessary if there had been an agreement for an extension of the original note.

The defendant contends that the payment of discount on the renewal note shows an extension of the original note, but it appears to us that he wholly misconceives the situation. Renewal did not take place, and for the reason that the renewal note was not fully executed. If renewal had taken place, the old note, of course, would have been discharged, and Wagner would have had no occasion to plead a release of himself by extension. The payment of discount

on the renewal note was in anticipation that it would be fully executed and accepted in renewal. But it was not fully executed nor accepted, and the discount, as the evidence shows, was applied upon the note in suit.

The defendant contends that his own testimony is to be taken as some evidence that there was an extension of the note in suit. His testimony is in these words: "When this note became due, McCallen extended it." But it was not for McCallen to extend the note. That was something for the plaintiffs to do if it were to be done at all. But, conceding that he meant that McCallen procured an extension, we cannot regard the statement as anything more than the expression of his *opinion*, based, probably, upon what we have set out above as done by McCallen. The testimony of Miller that there was no agreement or conversation in regard to extending this note stands unrebutted. If Wagner had knowledge to the contrary, it was clearly incumbent upon him to rebut Miller by testifying to something *as said* which would amount to an agreement for an extension.

2. EVIDENCE: legal conclusion is not.

We think that the court correctly directed a verdict for the plaintiffs.

AFFIRMED.